Ralph Kermit Winterrowd 2nd
c/o P.O. Box 877109
Wasilla, Alaska [99687]
357-8003 H, 357-8007 Fax

RECEIVED
FEB 1 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# The United States of America

# The United States

# District Court of the United States

# District of Alaska

**Ralph Kermit Winterrowd 2nd**
*Plaintiff*

v.

**Chickaloon Village, and;**

**STATE OF ALASKA**
*Defendants*

Case 3:06-cv-00035 TMB

## REMOVAL FROM STATE COURT TO A COURT OF THE UNITED STATES
(28 U.S.C. § 1446)
arising under Article III of all Cases in Law and Equity under the Authority of the United States and
exercising the judicial Power of the United States

And

Motion for Jointer of Interested Party (Rule 19), being the Chickaloon Village

**SCANNED**

***Comes now,*** Ralph Kermit Winterrowd 2nd ("Winterrowd") with this Removal from State Court to a Court of the United States (28 U.S.C. § 1446) arising under Article III of all Cases in Law and Equity under the Authority of the United States exercising the judicial Power of the United States and a Motion for Jointer of Interested Party (Rule 19), being the Chickaloon Village.

I have attached the complete records of the Case STATE OF ALASKA v. Ralph Kermit Winterrowd 2nd, being 3PA-05-3624CR as of February 13, 2006 consisting of six (6) pages, being **Attachment 1,** that I am motioning to be removed the District Court of Alaska to this court.

### Jurisdiction

Jurisdiction arises under Article III of the Constitution of the United States in all Cases in Law and Equity under the authority of the United States exercising the judicial Power of the United States.

Jurisdiction arises under Article I Section 8 Clause 3 – Commerce with Indian Tribes.

Jurisdiction arises under 28 U.S.C. Sec. 1331 – federal question.

Jurisdiction arises under 28 U.S.C. Sec. 1446.

Jurisdiction arises under the Bill of Rights that no man shall be deprived of life, liberty, or property without due process of law, and in particular the 5th Amendment and the 6th Amendment.

Jurisdiction arises because Chickaloon Village is a federally recognized tribe within the territorial boundaries of Alaska by the executive Power and legislative Power of the United States as evidenced by numerous public records and competent to issue a Chickaloon Driver

License that is valid in the territorial boundaries of Alaska. It is the intent of Congress and the United States has a fiduciary duty towards the Native Americans even if no treaty exists.

## Parties

**Ralph Kermit Winterrowd 2nd** is an American citizen, white citizen, citizen of the United States of America, and a Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska. Ralph Kermit Winterrowd 2nd is not an individual or a "citizen of the United States" as used by Congress in 5 U.S.C. § 552 or under the Social Security Act (49 Stat 620 as amended) wherein Winterrowd would have relinquished his constitutionally secured Rights for possible gratuities or benefits, or under the same status as declared by Congress to Indians in 25 U.S.C. §§ 1401, 1404 as "citizens of the United States" that are *outside of the secured Rights of the people of the United States secured in the Constitution of the United States and constitutions of the several States.*. See 42 U.S.C. § 405(g-h); *United States v. Babcock*, 250 U.S. 328, 331 (1919); *Dismuke v. United States*, 297 U.S. 167, 171-172 (1936); *Fleming v. Nestor*, 363 U.S. 603, 609-612 (1960); *Hayburn's Case*, 2 Dall. 409, 409-411 (1792); *United States v. Ferreira*, 13 How. 40, 48-50 (1851); *Muskrat v. United States*, 219 U.S. 346, 352-362 (1911).

**Chickaloon Village** is a federally recognized tribe within the territorial boundaries of Alaska by the executive Power and legislative Power of the United States as evidenced by numerous public records and arising under Article I Section 8 Clause 3 being "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;"

**STATE OF ALASKA** is a State (sic) that has refused to honor (reciprocity) the Chickaloon Driver License, refused to honor (reciprocity) the Chickaloon Village Court Order, refused reciprocity of the "Chickaloon Driver License" issued by the Chickaloon Village, and

refused to honor a foreign judgment that stands still unopposed of the Chickaloon Village filed in Palmer, Alaska in Case 3PA-05-01542CI and filed into the public records of the Palmer Recording District with the number of 2005-022833-0. Instead the STATE OF ALASKA pursues the individual prosecution of certain people with criminal charges to withhold the rights of the Native Americans to become self-sufficient and exercise their sovereign Powers as a Nation.

### Motion for Joinder

Chickaloon Village is a federally recognized tribe by the legislative and executive Power of the United States and has issued Winterrowd a Chickaloon Driver License (Number CV-00305), issued an Emergency Order from the Tribal Court (Case No. 2005-08-01) filed into the Superior Court of Alaska as a foreign judgment (3PA-05-01542CI), Recorded said Emergency Order in the Palmer Recording District (2005-022833-0) with a certified copy attached, being **Attachment 2**, and this was filed back into 3PA-05-01542CI (foreign judgment).

Chickaloon has a vested interest in this instant Case as Winterrowd has no standing to defend Chickaloon's interests and the outcome goes to the intent of Congress that federally recognized tribes become self-governing and exercise sovereign Powers of the tribe not directly prohibited by Congresss.

### Grounds for Removal

1.   Chickaloon Driver License was issued by the Chickaloon Village to Winterrowd, and Chickaloon Village is a federally recognized tribe by numerous public records (for a comprehensive list see District Court 3PA-04-02465CR – Demand to Dismiss) or Winterrowd can provide same upon Motion from this court.

2. In *Harrison v. State of Alaska*, 791 P.2d 359 (1990) required that the Chickaloon Village must be a federally recognized tribe to issue driver's licenses, which has been accomplished many times since 1990, so therefore said Chickaloon Driver License must be recognized with reciprocity by the STATE OF ALASKA. This is an issue for a Court of the United States, a fiduciary duty of the United States with the Native Americans, and a federal question.

3. "[Chief Justice] Marshall said [in *Worcester v. Georgia*, 31 U.S. 515(1832)] that the United States had assumed the role of 'protector' of the Indian tribes, acknowledging and guaranteeing their security as distinct political communities in exchange for their friendliness to the United States." The United States has a fiduciary duty in relation to the Indian Tribes and the only court that has cognizance of this fiduciary duty is a Court of the United States and all of the Parties.

4. In *Prairie Band of Potwatomi Indians v. Wagnon*, 276 F.Supp.2d 1168 (2003) it was clearly held that said Indians could issue driver licenses, registration, and tags which has been accomplished by Oklahoma tribes and Minnesota tribes where "[f]ederal Indian law is replete with examples in which state law has had to accommodate tribal sovereignty" *id* 1177 and "The federal government has a firm policy in favor of 'promoting tribal self-sufficiency and economic development." at *id* 1187.

In *Wagon, id 1187-1188*, there is no federal law having a preemptive effect on the Indians and the federal policy of promoting tribal self-sufficiency, self-government and economic development including the Indian Reorganization Act of 1934, and there is a obvious federal interest in the Nation's right to self-government. This is clearly an issue for

the Courts of the United States as said state courts do not have cognizance of this class of Cases.

In *Wagon, id 1188*, it was declared the policy of Congress to use their own resources and self-sufficiency of neighboring communities.

In *Wagon, id 1188*, noting that both Indian tribes and the federal government "are firmly committed to the goal of promoting tribal self-government . . ." See *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 335 (1983) and 25 U.S.C. § 450 *et. seq.* Only a Court of the United States has cognizance of this duty of the United States to the Native Americans.

    5.    The absence of the treaty with the Chickaloon Village does now absolve the United States of its trust responsibility as held in *Eric v Secretary of the United States Dept. of Housing and Urban development*, 464 F. Supp 44, 46, 47 (USDC Alaska 1978), to wit:

> **The doctrine that the federal government stands in a fiduciary relationship to Native Americans has been a part of our common law since the early days of the Republic.** Cherokee Nation v. Georgia, 30 U.S. (5 Pet.) 1, 8 L.Ed. 25 (1831). **Over the years courts at all levels have sustained the doctrine that in its relations with Native peoples the government owes a special duty analogous to those of a trustee.** Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820 (1912); Seminole Nation v. United States, 316 U.S. 286, 62 S.Ct. 1049, 86 L.Ed. 1480 (1942); Redfox v. Redfox, 564 F.2d 361, 365 (9th Cir. 1977); Manchester Band of Pomo Indians, Inc. v. United States, 363 F.Supp. 1238 (N.D.Cal.1973).
>
>    \* \* \*
>
> **This common law doctrine applies to Alaska Natives.** Koniag, Inc. v. Kleppe, 405 F.Supp. 1360, 1373 (D.D.C.1975). In Alaska Public Easement Defense Fund v. Andrus, 435 F.Supp. 664 (D.Alaska 1977) this court said that "although generally the Alaska Natives were not dependent in the sense that they were on reservations, **their fate rested in the hands of Congress and they were dependent upon its protection and good faith.**" Id. at 671. **The fact that a treaty between the United States and \*47 Alaska Natives never existed does not affect the existence of the trust relationship.** In Joint Tribal Council of Passamaquoddy Tribe v. Morton, 528 F.2d 370 (1st Cir. 1975) where the principal issue in the case was the **nonexistence of a treaty but the court still held that the trust responsibility required the federal government to assist the Natives in pursuing their claims against the State.** *[Emphasis added]*

### Brief Facts

Winterrowd had a suspension of a "Alaska Driver License" for three months starting on the date of October 27, 2004 according to the "Alaska Driving Records." Winterrowd researched and concluded that the Chickaloon Village could lawfully issue a "driver license"

and chose therefore to make application for said license in Chickaloon *after the suspension time has expired with the State of Alaska.* Winterrowd did call Kansas and received confirmation that if he was domiciled in Kansas could with the proper identification and Alaska driving record and complying with Kansas laws, obtain a "Kansas Driver License" *after the suspension time of the State of Alaska had expired.* There was no attempt to evade any issues of the suspension.

After the suspension date in 2005 expired, Winterrowd obtained an Alaska Driving Record as required by the Chickaloon Village for making application for a Chickaloon Driver License. Winterrowd has absolutely no safety issues, no charges or convictions of any DUI's, no charges or convictions of any type drugs, and no accidents of any type in his non-commercial motor vehicle. Winterrowd met all of the requirements of the Chickaloon Village to obtain a Chickaloon Driver License, and Winterrowd was issued a Chickaloon Driver License with the number of CV-00305 with the expiration date of 3-5-2010.

Winterrowd was arrested by a Police Officer Knauss ("Knauss") of the Palmer Police Department ("PPD") with Police Officer Steen ("Steen") of the PPD in attendance in the territorial boundaries of Alaska in Palmer, Alaska on or about August 8, 2005 for a "revoked" driver license, which was incorrect and said arrest was video taped by Winterrowd. The Complaint was changed to being "suspended." See AS 28.40.100 for definitions.

Winterrowd stated that the Chickaloon Driver License was valid in Alaska and Knauss replied "No." Winterrowd bailed out of jail at the cost of $1,000.00.

Winterrowd obtained a Emergency Order ("Chickaloon Order") of Case No. 2005-08-01 from the Tribal Court of the Chickaloon Village on August 10th, 2005. Winterrowd filed in a foreign judgment into the Superior Court of Alaska with the Case Number of 3PA-05-

01542CI on August 11th, 2005 for a filing fee of $150.00. Winterrowd also supplied copies of the foreign judgment to Notice the State of Alaska Prosecutor's Office for Palmer, Alaska, to Notice Officer Knauss and Officer Steen at the Palmer Police Department, to Notice the Alaska State Troopers in Palmer, Alaska, and to Notice the Wasilla Police Department in Wasilla, Alaska. Winterrowd then took a certified copy of the Chickaloon Order to the Palmer Recording District and received the number of 2005-022833-0 ("Palmer Public Record Order") on August 23, 2005 and filed same for a filing fee. Winterrowd then returned to the Palmer Court House and filed in a copy of the Palmer Public Record Order back into Case 3PA-05-01542CI. Winterrowd has attached a *certified copy* of the Palmer Public Record Order, being **Attachment 1.**

The Law Enforcement Agencies and State of Alaska has refused to honor the right of the Chickaloon Village to issue a driver license that is valid within the territorial boundaries of Alaska, not to mention the other States.

The Law Enforcement Agencies and the State of Alaska has refused the reciprocity of Chickaloon Village acting within their sovereign Powers not prohibited by Congress.

The Law Enforcement Agencies and the State of Alaska has refused to honor the Chickaloon Order that is filed in a foreign judgment in Case 3PA-05-01542CI. This Case is still open and stands unopposed by the State of Alaska and the other Law Enforcement Agencies that Winterrowd Noticed.

Winterrowd has operated in total good faith and caught between two entities to which only the government of the United States in the Article III courts have the cognizance of this Class of Case and of all of the Parties to enforce the sovereign Rights of the Chickaloon Village if they are correct, to force the State of Alaska to abide by the foreign judgment and the

supreme law of the Land administered by the United States, to force the State of Alaska to provide reciprocity with the Chickaloon Village, and to enforce the constitutionally secured Rights of Winterrowd in the Bill of Rights whom is caught in the middle with loss of liberty and property.

After all of these good faith dealing by Winterrowd, Winterrowd was still prosecuted by the State of Alaska in 3PA-05-2098 CR and found guilty on February 1, 2006, with the Chickaloon Driver License being excluded as evidence by the Prosecution enforced by Judge John Wolfe, a district court judge. Other parties are selective charged when in possession of a Chickaloon Driver License in Alaska, but the State of Alaska has not addressed these Chickaloon Driver License's as illegal or unlawful in any civil litigation, instead they proceed on criminal charges excluding the evidence of the Chickaloon Driver License, denying reciprocity with the Chickaloon Village, and excluding the foreign judgments of the Chickaloon Village as evidence while attempting to stultify the Law by intimidation, fines, and jail on individual cases.

Winterrowd is not the only person that has been issued a Chickaloon Driver License, but the number of said licenses in existence is unknown.

The State of Alaska has a major pecuniary interest to exclude the Chickaloon Village in the issuance of driver licenses, in the issuance of license tags, in the registration of motor vehicles in Alaska, not to mention the control issues by and through the cooperative agreements in Title IV and other types of Social Security issues.

### Motion for Removal

Winterrowd was arrested again concerning the issue of the Chickaloon Driver License with the current case of 3PA-05-3624 CR and has Motioned this Court to remove said instant

Case from the State of Alaska that does not have cognizance of this class of Case, but the Court of the United States does have said cognizance of the issues and of all of the Parties and in said Court the fiduciary duties that the United States that exist with the Native Americans can be fulfilled and adjudicated.

   *And further,* and actions that this honorable Court shall deem proper and just.

My Hand,

*Ralph Kermit Winterrowd 2nd*

## Verified Affidavit of Ralph Kermit Winterrowd 2nd

STATE OF ALASKA        )

                       ) ss.

THE UNITED STATES OF AMERICA )


I, Ralph Kermit Winterrowd 2nd, do here swear (or affirm) under the penalties of perjury that foregoing and the following facts in this Motion for Removal and Motion for Joinder are true and correct.

1. My true name is "Ralph Kermit Winterrowd 2nd", being two Christian names and one family name.

2. I am an American citizen, white citizen, citizen of the United States of America, Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska.

3. I have attached a *certified public record* filed into the Palmer Recording District with the number of 2005-022833-0 of the Chickaloon Order Case No. 2005-08-01 identified as **Attachment 1**, and also filed a certified copy in the State of Alaska foreign judgment Case of .

4. I am not a "citizen of the United States" as used by Congress.

5. I have never knowingly waived any of my constitutionally secured rights and definitely not to possibly receive some sort of federal benefit(s) or gratuities, including the SSN.

6. I was issued a Chickaloon Driver License by the Chickaloon Village exercising my right to contract for said license with the American Natives that was proffered to a valid driver license in the territorial boundaries of Alaska.

My Hand,

*Ralph Kermit Winterrowd 2nd* (signature)

I have read this Injunction and the verified affidavit and believe them to be true before the Notary Public, being DeAnna Peterson on the date of 2-14-06 _____.

Sworn and subscribed before me a Notary Public.

My Commission expires on 10 - 07 .

Date 2-14-06 .



_____
Signature of Notary Public

### Certification

I certify that this Motion to Remove and Motion for Joinder and the two Attachments were personally served to the following parties or their addresses, to wit:

Chickaloon Village
Glen Highway Mile 55.5
P.O. Box 1105
Chickaloon, Alaska 99674-1105
907-745-0707

State of Alaska
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
907-269-5100

Alaska Court System
435 South Denali
Palmer, AK 99645-6437
Clerk of Court
907-746-8109

Attachment 1 – Copy of Case 3PA-05-3624CR as of 2/13/06

Attachment 2 –   Certified Copy of the Chickaloon Order Recorded in the Palmer Recording District.

Date  2/14/06

Signature  *[signed]*