IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>    Plaintiff,<br><br>vs.<br><br>RALPH KERMIT WINTERROWD 2nd,<br><br>    Defendant. | Case No. 3:06-cv-00035-TMB<br><br>ORDER REGARDING REMOVAL |

Ralph Kermit Winterrowd 2nd, representing himself, has filed a notice of removal of his state criminal case to this Court.[1]  This Court, however, does not appear to have jurisdiction over Mr. Winterrowd's state court criminal proceeding, and the Court has an obligation to raise, *sua sponte* (on its own), the issue of whether jurisdiction exists. Title 28 U.S.C. § 1447(c) requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Further, the Court is required to "strictly

---

[1] *See* Docket No. 1.

construe the removal statute against removal jurisdiction,"[2] and to reject jurisdiction "if there is any doubt as to the right of removal in the first instance."[3]

Under Title 28 U.S.C. § 1443, as interpreted by the United States Supreme Court, removal of a state criminal prosecution is allowed only if the defendant alleges, and is able to prove (1) that s/he is the victim of racial discrimination, and (2) that the state court has institutional restrictions on presenting claims of racial discrimination in the context of criminal proceedings.[4]  This removal statute is to be

---

[2] *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

[3] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus*).

[4] *See Chapman v. Houstan Welfare Rights Organization,* 441 U.S. 600, 621-23 (1979); *Johnson v. Mississippi*, 421 U.S. 213, 218-22 (1975); *Georgia v. Rachel*, 384 U.S. 780, 788, 792, 803-05 (1966) (defendants would be denied or could not enforce their civil rights in the courts of Georgia, since the "burden of having to defend the prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964"); *City of Greenwood v. Peacock*, 384 U.S. 808 (1966) (no removal to federal court of state prosecution in which the defense was that the state law conflicted with defendant's federal rights); *People of the State of California v. Mesa*, 813 F.2d 960, 967 (9th Cir. 1987), *aff'd*, 489 U.S. 121 (1989) (the states have a "compelling interest in the administration of their criminal justice systems"); *Davis v. Superior Court of California,* 464 F.2d 1272 (9th Cir. 1972) ("removal [of state criminal case] is proper only if the petitioner asserts, 'as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights'") (citations omitted); *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971) ("First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights....  Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.  Bad experiences with the

very narrowly construed.[5]  Mr. Winterrowd has said nothing which suggests that these issues are involved.

**IT IS THEREFORE ORDERED:**

1. Mr. Winterrowd shall show cause, on or before**, March 27, 2006**, why this action should not be summarily remanded to the District Court for the State of Alaska, for the Third Judicial District at Palmer, for the reasons explained in this Order.

2. The Clerk of Court is directed to send a copy of this Court's Response to Order to Show Cause form to Mr. Winterrowd with a copy of this Order.

3. If Mr. Winterrowd fails to timely respond and show sufficient cause, an order of remand will be entered without further notice, and the Clerk will close the file.

4. All papers to be filed with the Court must be identified with the name of the Court, Case No. 3:06-cv-00035-TMB, the names of the plaintiff and the defendant, and the title of the document, as illustrated on the first page of this Order.

---

particular court in question will not suffice.").

[5] *See Davis*, 464 F.2d at 1273.

5. Mr. Winterrowd shall serve a copy of all future pleadings or documents he sends to the Court upon State's attorney. Mr. Winterrowd shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed, faxed or hand-delivered to the counsel for the State of Alaska. A certificate of service may be written in the following form at the end of his document:

> I hereby certify that a copy of the above   (name of document)   was served upon  (name of opposing counsel)  by  (mail/fax/hand-delivery) at      (address)      on     (date)    .
>
> (Mr. Winterrowd's Signature)

Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded by the Court.

6. Mr. Winterrowd shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

7. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a District Court Judge or Magistrate Judge of this Court about the merits of this action. Mr. Winterrowd should not write letters to the Court, but must file any requests for action by the Court during these proceedings in the form of a motion.

8. The Clerk of Court is directed to send a copy of the Court's motion form, PS12, to Mr. Winterrowd with this Order.

9. At all times, Mr. Winterrowd shall keep the Court informed of any change of address, by filing a notice titled "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information about the change of address, and its effective date. The notice shall not include any requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

10. No action will be taken on Mr. Winterrowd's motion to join an interested party until he fully complies with this Order.

DATED this 28th day of February, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge