Ralph Kermit Winterrowd 2nd
c/o P.O. Box 877109
Wasilla, Alaska [99687]
357-8003 H, 357-8007 Fax



RECEIVED
APR 17 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# The United States of America

# The United States

# District Court of the United States

# District of Alaska

**Ralph Kermit Winterrowd 2nd**
*Plaintiff*

v.

**Chickaloon Village, and;**

STATE OF ALASKA
*Defendants*

Case 3-06-CV-00035

## ORDER TO SHOW CAUSE

**REMOVAL FROM STATE COURT TO A COURT OF THE UNITED STATES
(28 U.S.C. § 1446)**
arising under Article III of all Cases in Law and Equity under the Authority of the
United States and
exercising the judicial Power of the United States

And

**Motion for Jointer of Interested Party (Rule 19), being the Chickaloon Village**

*Comes now,* Ralph Kermit Winterrowd 2nd ("Winterrowd") with this Removal from State Court to a Court of the United States (28 U.S.C. § 1446) arising under Article III of all Cases in Law and Equity under the Authority of the United States exercising the judicial Power of the United States and a Motion for Jointer of Interested Party (Rule 19), being the Chickaloon Village.

### Jurisdiction

Jurisdiction arises under Article III of the Constitution of the United States in all Cases in Law and Equity under the authority of the United States exercising the judicial Power of the United States.

Jurisdiction arises under Article I Section 8 Clause 3 – Commerce with Indian Tribes.

Jurisdiction arises under 28 U.S.C. Sec. 1331 – federal question.

Jurisdiction arises under 28 U.S.C. Sec. 1446.

Jurisdiction arises under the Bill of Rights that no man shall be deprived of life, liberty, or property without due process of law, and in particular the 5th Amendment and the 6th Amendment.

Jurisdiction arises because Chickaloon Village is a federally recognized tribe within the territorial boundaries of Alaska by the executive Power and legislative Power of the United States as evidenced by numerous public records and competent to issue a Chickaloon Driver License that is valid in the territorial boundaries of Alaska. It is the intent of Congress and the United States has a fiduciary duty towards the Native Americans even if no treaty exists.

Jurisdiction arises as Winterrowd **has exhausted all of his remedies in the jurisdiction of the Chickaloon Village and said municipal laws and administrative remedies of**

*Chickaloon Village and is protected by 25 U.S.C. § 1301 et. seq. as a non-indial* as evidenced by the **Attachment 2** of Docket 1 and Docket 2 issued an Emergency Order from the Tribal Court (Case No. 2005-08-01) filed into the Superior Court of Alaska as a foreign judgment (3PA-05-01542CI), Recorded said Emergency Order in the Palmer Recording District (2005-022833-0) with a certified copy attached, being **Attachment 2** in Docket 1 and Docket 2 of this instant Case, and this was filed back into 3PA-05-01542CI (foreign judgment).

### Parties

**Ralph Kermit Winterrowd 2nd** is an American citizen, white citizen, citizen of the United States of America, and a Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska. Ralph Kermit Winterrowd 2nd is not an individual or a "citizen of the United States" as used by Congress in 5 U.S.C. § 552 or under the Social Security Act (49 Stat 620 as amended) wherein Winterrowd would have relinquished his constitutionally secured Rights for possible gratuities or benefits, or under the same status as declared by Congress to Indians in 25 U.S.C. §§ 1401, 1404 as "citizens of the United States" that are *outside of the secured Rights of the people of the United States secured in the Constitution of the United States and constitutions of the several States.* . See 42 U.S.C. § 405(g-h); *United States v. Babcock*, 250 U.S. 328, 331 (1919); *Dismuke v. United States*, 297 U.S. 167, 171-172 (1936); *Fleming v.* Nestor, 363 U.S. 603, 609-612 (1960); *Hayburn's Case*, 2 Dall. 409, 409-411 (1792); *United States v. Ferreira*, 13 How. 40, 48-50 (1851); *Muskrat v. United States*, 219 U.S. 346, 352-362 (1911).

**Chickaloon Village** is a federally recognized tribe within the territorial boundaries of Alaska by the executive Power and legislative Power of the United States as evidenced by

numerous public records and arising under Article I Section 8 Clause 3 being "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;"

**STATE OF ALASKA** is a State (sic) that has refused to honor (reciprocity and comity) the Chickaloon Driver License, refused to honor (reciprocity and comity) the Chickaloon Village Court Order, refused reciprocity of the "Chickaloon Driver License" issued by the Chickaloon Village, and refused to honor a foreign judgment that stands still unopposed of the Chickaloon Village filed in Palmer, Alaska in Case 3PA-05-01542CI and filed into the public records of the Palmer Recording District with the number of 2005-022833-0. Instead the STATE OF ALASKA pursues the individual prosecution of certain people with criminal charges to withhold the rights of the Native Americans to become self-sufficient and exercise their sovereign Powers as a Nation.

**Winterrowd Has Exhausted all of Administrative Remedies in the Nation of the Chickaloon Village**

Chickaloon Village is a federally recognized tribe by the legislative and executive Power of the United States and has issued Winterrowd a Chickaloon Driver License (Number CV-00305), issued an Emergency Order from the Tribal Court (Case No. 2005-08-01) filed into the Superior Court of Alaska as a foreign judgment (3PA-05-01542CI), Recorded said Emergency Order in the Palmer Recording District (2005-022833-0) with a certified copy attached in Docket 1 and Docket 2, being **Attachment 2**, and this was filed back into 3PA-05-01542CI (foreign judgment).

Chickaloon has a vested interest in this instant Case as Winterrowd has no standing to defend Chickaloon's interests and the outcome goes to the intent of Congress that federally

recognized tribes become self-governing and exercise sovereign Powers of the tribe not directly prohibited by Congresss.

## Grounds for Removal

1. Winterrowd incorporates all of the prior Pleadings and Attachments into this Order to Show Cause.

2. Winterrowd has exhausted all of his administrative remedies in the jurisdiction of the Chickaloon Village and filed said final judgment of the Chickaloon Village Tribal Court into the jurisdiction of Alaska into the Superior Court of Alaska in Palmer, Alaska of the Third District as a foreign judgment and into the public record as evidenced by Docket 1 and Docket 2.

3. Congress has plenary authority to limit, modify or eliminate powers of local self-government which Indian tribes possess. See *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 57, 58 (1978).

4. Winterrowd has the protection available to him in Title 25 Chapter 15 (25 U.S.C. § 1301 *et seq.* and in particular 25 U.S.C. § 1302) as a non Indian, the same as Indians for the deprivation of the right to travel, the right to Due Process of Law, the right of equal protection of the its laws, deprive any person of liberty or property without dues process of law, the right not be arrested without Assistance of Counsel and the right to have the protections of the said Title 25 Chapter 15 for said Driver License within the several States without being arrested, jailed and money taken. See *Hickey v. Crow Creek*, 379 F.Supp. 1002 (D.C.S.D. 1974); *Dodge v. Nakai*, 298 F.Supp 17, 24 (D Ariz. 1968);

5. Winterrowd has shown by the evidence presented that meaningful tribal remedies existed, that Winterrowd exhausted the tribal remedies that will serve the purposes of

comity and strengthening tribal institutions, and that Winterrowd has exhausted **all** of the tribal remedies of the Chickaloon Village Tribal Court System, Winterrowd has filed the Chickaloon Tribal Court's judgment into the courts of Alaska as a foreign judgment and as a public record as evidenced by Docket 1 and Docket 2 for reciprocity and comity and therefore it devolves upon this Court of the United States to take jurisdiction as the State of Alaska has not opposed the foreign judgment, but the State of Alaska as proceeded *sub silentio* when there is a duty to affirm or deny. See *Howlett v. Salish and Kootenai Tribes of Flathead Reservation, Montana*, 529 F.2d 233, 230,240 (9th Cir.1976); *National Farmers union Ins. Companies v Crow Tribe of Indians*, 736 F.2d 1320, 1326, (9th Cir. 1984); *St. marks v. Chippewa-Cree Tribe of Rocky Boy Reservation*, 545 F.2d 1188, 1189+, (9th Cir. 1976); Accord, *McCurdy v. Steele*, 506 F.2d 653, 656-657 (10th Cir. 1974); *O'Neal v. Cheyenne River Sioux Tribe*, 482 F.2d 1140 (8th Cir. 1973); *Brunett v Dann*, 417 F.Supp 1382, 1384 (D.Idaho 1976); *Takes Gun v. Crow Tribe of Indians*, 448 F.Supp 1222, 1224 (D. Mont 1978); *Clairmont v. Confederated Salish and Kootenai Tribes*, 409 F.Supp 1161, 1161 (D. Mont. 1976).

6. Judge Heath of the Alaska Court System has no Oath of Office as a judicial Officer, i.e. public Officer, of any of the several States to the "Constitution of the United States", which is mandated arising under Article VI of the Constitution of the United States and 1 Stat 23, being **Attachment 3**.

7. Judge Heath of the Alaska Court System has no Civil Commission to authorize and empower him to enter into any "Office" with Powers and Duties under the signature of the governor of Alaska.

8. There are cooperative agreements and grants that allocate money to the Chickaloon Village for Driver Licenses, but Winterrowd does have any copies of same.

*Therefore*, the Court should enjoin Chickaloon Village Tribe and remove from the District Court of the State of Alaska to this Court of the United States for the above reasons of law and fact.

*And further*, and actions that this honorable Court shall deem proper and just.

My Hand,

*Ralph Kermit Winterrowd*

### Verified Affidavit of Ralph Kermit Winterrowd 2nd

STATE OF ALASKA      )
                     ) ss.
THE UNITED STATES OF AMERICA )

I, Ralph Kermit Winterrowd 2nd, do here swear (or affirm) under the penalties of perjury that foregoing and the following facts in this Motion for Show Cause are true and correct.

1. My true name is "Ralph Kermit Winterrowd 2nd", being two Christian names and one family name.

2. I am an American citizen, white citizen, citizen of the United States of America, Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska.

3. I have attached a *certified public record* appearing in Docket 1 and Docket 2 filed into the Palmer Recording District with the number of 2005-022833-0 of the Chickaloon Order Case No. 2005-08-01 identified as **Attachment 1**, and also filed a certified copy in the State of Alaska foreign judgment Case of .

4. I am not a "citizen of the United States" as used by Congress in 5 U.S.C. § 552a.

5. I have never knowingly waived any of my constitutionally secured rights and definitely not to possibly receive some sort of federal benefit(s) or gratuities, including the SSN.

6. I was issued a Chickaloon Driver License by the Chickaloon Village exercising my right to contract for said license with the American Natives that was proffered to a valid driver license in the territorial boundaries of Alaska.

7. I have no Social Security Number in my true name, being two Christian names and one Family name, all of which are proper nouns.

My Hand,

*Ralph Kermit Wilwood*

I have read this Order to Show Cause and the verified affidavit and believe them to be true before the Notary Public, being Ralph Kermit Wilwood 2ⁿᵈ on the date of 4/17/06 _____.

Sworn and subscribed before me a Notary Public.

My Commission expires on 10 - 07 .

Date 4 - 17 - 06 .

Signature of Notary Public

[Notary Seal: DEANNA PETERSON, NOTARY PUBLIC, STATE OF ALASKA]

## Certification

I certify that this Motion to Remove and Motion for Joinder and the two Attachments were personally served to the following parties or their addresses, to wit:

Chickaloon Village
Glen Highway Mile 55.5
P.O. Box 1105
Chickaloon, Alaska 99674-1105
907-745-0707

State of Alaska
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
907-269-5100

~~Alaska Court System
435 South Denali
Palmer, AK 99645-6437
Clerk of Court
907-746-8109~~

Date __4/17/06__

Signature __[signature]__