IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, | |
| Plaintiff, | Case No. 3:06-cv-00035-TMB |
| vs. | |
| | <u>ORDER OF REMAND</u> |
| RALPH KERMIT WINTERROWD 2nd, | |
| Defendant. | |

Ralph Kermit Winterrowd 2nd, representing himself, filed a notice of removal

of his state criminal case to this Court.[1]  Because this Court did not appear to have

jurisdiction over Mr. Winterrowd's state court criminal proceeding, and the Court has

an obligation to raise, *sua sponte* (on its own) the issue of whether jurisdiction

exists,[2] the Court gave Mr. Winterrowd an opportunity to show why this case should

---

[1]  *See* Docket No. 1.

[2]  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it
appears that the district court lacks subject matter jurisdiction, the case
shall be remanded.").

be removed from state to federal court.[3]  Mr. Winterrowd was cautioned that the Court is required to "strictly construe the removal statute against removal jurisdiction,"[4] and to reject jurisdiction "if there is any doubt as to the right of removal in the first instance."[5]

Mr. Winterrowd was also informed that, under Title 28 U.S.C. § 1443, as interpreted by the United States Supreme Court, removal of a state criminal prosecution is allowed only if the defendant alleges, and is able to prove (1) that s/he is the victim of racial discrimination, and (2) that the state court has institutional restrictions on presenting claims of racial discrimination in the context of criminal proceedings.[6]  This removal statute is to be very narrowly construed.[7]

---

[3]  *See* Docket No. 7.

[4]  *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

[5]  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus*).

[6]  *See Chapman v. Houstan Welfare Rights Organization,* 441 U.S. 600, 621-23 (1979); *Johnson v. Mississippi*, 421 U.S. 213, 218-22 (1975); *Georgia v. Rachel*, 384 U.S. 780, 788, 792, 803-05 (1966) (defendants would be denied or could not enforce their civil rights in the courts of Georgia, since the "burden of having to defend the prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964"); *City of Greenwood v. Peacock*, 384 U.S. 808 (1966) (no removal to federal court of state prosecution in which the defense was that the state law conflicted with defendant's federal rights); *People of the State of California v. Mesa*, 813 F.2d 960, 967 (9th Cir. 1987), *aff'd*, 489 U.S. 121 (1989) (the states have a "compelling interest in the administration of their criminal justice systems"); *Davis v. Superior Court of California,* 464 F.2d 1272 (9th Cir. 1972) ("removal [of state criminal case] is proper only if the petitioner asserts, 'as a defense to the prosecution, rights that are given to [him] by

Mr. Winterrowd has filed his response to the Order to Show Cause, and has said nothing to indicate that this Court has jurisdiction over his state court criminal case.[8] Mr. Winterrowd only claims that he has "exhausted all of his remedies in the jurisdiction of the Chickaloon Village,"[9] which does not speak to the state court criminal case against him.  In addition, Mr. Winterrowd's arguments that the state court judge "has no Oath of Office as a judicial Officer," and "no Civil Commission to authorize and empower him to enter into any 'Office' with Powers and Duties under the signature of the governor of Alaska;" and that Mr. Winterrowd is "an American citizen, white citizen, citizen of the United States of America ... [and] not

explicit statutory enactment protecting equal racial civil rights'") (citations omitted); *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971) ("First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights....  Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.  Bad experiences with the particular court in question will not suffice.").

[7] *See Davis*, 464 F.2d at 1273.

[8] *See* Docket No. 8.

[9] Docket No. 8 at 2.

a 'citizen of the United States' as used by Congress in 5 U.S.C. § 552a,"[10] are

frivolous.[11]

Mr. Winterrowd can raise any arguments he wishes in his state criminal case,

including any appeals and/or post-conviction motions in the state courts.


**IT IS THEREFORE ORDERED:**

1.    This action is DISMISSED without prejudice, and REMANDED to the Superior

Court for the State of Alaska, for the Third Judicial District at Palmer; and

2.    The case is closed.


DATED this 19th day of April, 2006,  at Anchorage, Alaska.


/s/TIMOTHY M. BURGESS
United States District Judge

---

[10]  *Id.* at 6 - 8 (Mr. Winterrowd's statements that he both is and is not a citizen of the United States appear to be designed to support his statement that he has "no Social Security Number in [his] true name, being two Christian names and one Family name, all of which are proper nouns.").

[11]  See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("a complaint ... is frivolous where it lacks an arguable basis either in law or in fact."); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).