Westlaw.

AK ST ß 09.20.010
AS 09.20.010

RECEIVED
APR 2 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

C

ALASKA STATUTES
Title 9. Code of Civil Procedure.
Chapter 20. Trial.
Article 1. Jurors and Verdict.
### Sec. 09.20.010 Qualification of jurors; interpreters.

(a) A person is qualified to act as a juror if the person is

(1) a **citizen** of the **United States**;

(2) a resident of the state;

(3) at least 18 years of age;

(4) of sound mind;

(5) in possession of the person's natural faculties; and

(6) able to read or speak the English language.

(b) A person is not disqualified from serving as a juror solely because of the loss of hearing or sight in any degree or a disability that substantially impairs or interferes with the person's mobility.

(c) The court shall provide, and pay the cost of services of, an interpreter or reader when necessary to enable a person with impaired hearing or sight to act as a juror.

(ß 2.01 ch 101 SLA 1962; am ß 3 ch 245 SLA 1970; am ß 1 ch 66 SLA 1981; am ß 1 ch 69 SLA 1987)

<General Materials (GM) - References, Annotations, or Tables>

REFERENCES

**Cross references.** -- For court rules on interpreter's fees, see Admin. R. 6.

NOTES TO DECISIONS

Qualifications subject for legislation. -- To define the qualification of jurors and prescribe the mode of their selection is a rightful subject of legislation. Tynan v. United States, 297 F. 177 (9th Cir. 1924), cert. denied, 266 U.S. 604, 45 S. Ct. 91, 69 L. Ed. 463 (1924).

De facto grand jurors. -- Alternate grand jurors who did not receive the oath required under Criminal Rule 6(e) were de facto grand jurors and, therefore, their participation in deliberations and voting could not invalidate any indictment issued by the grand **jury**. State v. Roark, 705 P.2d 1274 (Alaska Ct. App. 1985).

Exclusionary method of **jury** selection held invalid. -- Any method of **jury** selection which is in reality a subterfuge to exclude from **juries** systematically and intentionally some cognizable group or class of citizens in the community must be held invalid. Hampton v. State, 569 P.2d 138 (Alaska 1977), cert. denied, 434 U.S. 1056, 98 S. Ct. 1225, 55 L. Ed. 2d 757 (1978).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment 5
Pg 1 of 2

AK ST ß 09.20.010                                                                          Page 2
AS 09.20.010

**Quoted** in City of Kotzebue v. Ipalook, 462 P.2d 75 (Alaska 1969).

REFERENCES

**Collateral references.** -- Validity of requirement of oath of allegiance, 18 ALR2d 294.
Proper procedure upon illness or other disability of civil case juror, 99 ALR2d 684.
Claustrophobia or other neurosis of juror as subject of inquiry on voir dire or of disqualification of juror, 20 ALR3d 1420.
Validity of enactment requiring juror to be an elector or voter or have qualifications thereof, 78 ALR3d 1147.
Validity of requirement of practice of selecting prospective jurors exclusively from list of registered voters, 80 ALR3d 869.
Deafness of juror as ground for impeaching verdict, or securing new trial or reversal on appeal, 38 ALR4th 1170.
Visual impairment as disqualification of juror, 48 ALR4th 1154.

A. S. 09.20.010, AK ST ß 09.20.010

Current through all 2005 Legislation, Annotations current through Opinions Decided as of june 24, 2005.

Copyright 2005, Alaska Statutes, 2005 by The State of Alaska and Matthew Bender

& Company, Inc. a member of the LexisNexis Group.

All Rights Reserved.

END OF DOCUMENT

*Attachment 05*
*pg 2 of 2*